WILLIAM PRALL and others

*v.*

ROBERT HAMIL and others.

The residue of an estate was given to a widow for life, and after her death to her children. No provision was made for their support, meanwhile, except that advances might be made to them by the widow. She was sole executrix, and pledged certain stocks of the estate as collateral security for her own debts. Some of the children filed a bill against her creditors to obtain the stock. The stock produced no income, and had depreciated very much in market value. The widow had greatly wasted the estate.—*Held*, that the court would

not order a sale for the purpose of investing the proceeds and appropriating the income for the benefit of the creditors during the widow's life-time; and that, under the circumstances, in view of the great waste of the estate that she had committed, she had no interest for the creditors to take.

Bill for relief. On exception to master's report.

*Mr. T. D. Hoxsey,* for the exceptants.

THE CHANCELLOR.

By the order of reference the master was directed to ascertain and report what interest, if any, Edwin Prall and W. Mortimer Prall, children of Edwin T. Prall, deceased, have in the five hundred and fifty shares of the capital stock of the Arkwright Manufacturing Company, mentioned in the pleadings in the cause, and what interest, if any, Rachel M. Prall, widow of Edwin T. Prall, has therein, which can, consistently with the rights of the other children of Edwin T. Prall, under his will, be applied to the payment of the debt of the defendants, Hamil and Booth, for which Mrs. Prall, as executrix of her husband, pledged that stock to them. The master reports that Edwin and W. Mortimer Prall have no interest, but that the widow has a life-estate in the stock which can be taken consistently with the interests of the children other than Edwin and W. Mortimer, under the will. By the will the testator gave the residue of his estate to his wife during her widowhood, and directed that, on her death, it be divided into equal shares among the surviving children and the children (as a class) of any deceased child. He makes no provision for the support of his children, but provides for the making of advances to them by his widow. The estate was valued in the inventory and appraisement at $223,216.80. The testator died July 5th, 1869. His widow was sole executrix. Of the estate there is now left only a small part, consisting of the stock in question and an investment of $40,000, and the household furniture in use by the

family. Part of the rest was advanced to two of the children, and the balance appears to have been, to a very great extent, wasted. The stock in question appears to be pro ductive of no income. There is no evidence on the subject annexed to the master's report, except the testimony of the widow that she does not suppose that it is worth more than twenty-five or thirty cents on the dollar.

The defendants, Hamil and Booth, in their answer, say, that when the answer was filed (January, 1876), there had not been, for a long time past, and there was not then, any market value or price for the stock, and that it could not then be sold for fifty per cent. of its par value, and that no dividend had ever been paid upon it. Such being the character of the stock, the widow has no interest therein which can be taken consistently with the interest of the children, other than Edwin and W. Mortimer, in the estate; for, under the will, she is entitled only to the use of the property, and it is wholly unproductive. It may, indeed, be sold, and the proceeds invested, and so income may be obtained from it, but the widow, as life-tenant trustee, is liable to account to those of her children who are entitled to the fund after her death, for the waste which she has committed. *Shibla* v. *Ely*, 2 *Hal. Ch.* 181; *Horry* v. *Glover*, 2 *Hill Ch.* 515; *Rowe* v. *White*, 1 *C. E. Gr.* 411. It does not appear that, on an account, she would be entitled to anything.

The exception is sustained.